THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIX THE COURT,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>                Defendant. | Civil Action No. 1:17-cv-00332-EGS |

**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER**

In accordance with the Court's April 4, 2017 Order, counsel for the parties, who have conferred, hereby notify the Court of the status of this matter and jointly propose the production and briefing schedule detailed below:

    1.    This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. It involves a FOIA request from Plaintiff Fix the Court ("Plaintiff") to Defendant United States Department of Justice ("DOJ" or "Defendant") seeking documents pertaining to United States Supreme Court Justice Neil M. Gorsuch's tenure at the Justice Department dating from January 1, 2005, through December 31, 2006. Plaintiff stated that its request includes but is not limited to [the paragraph labels are added for the purposes of this status report]:

    (a) Complaints regarding Mr. Gorsuch received from within Department of Justice or from members of the public;

    (b) Digital (e-mail), print or other correspondence and attachments involving Mr. Gorsuch, including instances where he is merely carbon copied (CC'd);

    (c) Performance Reviews of Mr. Gorsuch and his service with Department of Justice;

    (d) Warnings or Reprimands issued regarding Mr. Gorsuch and his service with the Department of Justice.

2. Part (b) of Plaintiff's request largely duplicates a request for documents made by the Senate Judiciary Committee to DOJ. The Senate's request encompassed only the dates from June 2005 to July 2006; however, because Defendant conducted what it believes to have been a broad search for all of Justice Gorsuch's emails and staff files, not limited to a specific timeframe, Defendant believes that it has located all records that are potentially responsive to Plaintiff's request.

3. Plaintiff filed its complaint on February 24, 2017. Docket No. 1.

4. DOJ answered the complaint on April 3, 2017. Docket No. 4.

5. On April 4, 2017, the Court entered its Standing FOIA Order, which calls for the parties to meet and confer and submit a joint scheduling proposal on or before April 25, 2017. *See* Docket No. 5. This due date was subsequently extended by the Court's April 25, 2017, minute order to May 25, 2017.

6. The parties have met and conferred, and address the items identified in the Court's Standing FOIA Order as follows:

    (1) *The status of Plaintiff's FOIA request*: DOJ has completed its search for documents responsive to parts (b) & (c) of Plaintiff's request. DOJ located no documents responsive to part (c). With regard to part (b), a large subset of the responsive documents has been posted on the website of the Senate Judiciary Committee at https://www.judiciary.senate.gov/nominations/supreme/pn55-115. Plaintiff agrees that this subset of the documents does not need to be further processed. The additional responsive documents were either provided to the

Senate Judiciary Committee *in camera* or were withheld entirely from the Committee.[1]  Although the criteria for release to the Committee are not identical to the criteria for exemptions under FOIA, Defendant does not anticipate that much, if any, of the material in these latter two groups of documents will be found releasable under FOIA.  Accordingly, Defendant and Plaintiff have agreed that Defendant will prepare a draft *Vaughn* index of the documents in these two groups.  If additional material is found in these documents that DOJ deems not subject to an exemption under FOIA, Defendant will release such information when it produces the draft *Vaughn* index to Plaintiff (*see* No. 7 below).

With regard to parts (a) and (d) of Plaintiff's request, DOJ anticipates providing a *Glomar* response, stating that it can neither confirm nor deny the existence of responsive records, and that if the records were to exist, they would be exempt under FOIA Exemptions 6 and 7(C).  *See Wolf v. C.I.A.,* 473 F.3d 370, 374 (D.C. Cir. 2007).

(2)     *The anticipated number of documents responsive to Plaintiff's FOIA request*:  Defendant provided approximately 175,000 pages of documents that have been publicly posted on the Senate Judiciary Committee's website.  Defendant estimates that the remaining responsive documents number approximately 3500 documents (not including any responsive documents in the set referenced in footnote 1).

---

[1] An additional set of documents retrieved still needs to be reviewed for responsiveness.  Once Defendant has reviewed and assessed these materials, Defendant will meet and confer with Plaintiff as to a schedule for processing the responsive documents and will file a supplemental joint status report and proposed scheduling order.

(3)     *The anticipated date(s) for release of documents responsive to Plaintiff's FOIA request*:  As explained above, a large subset of the responsive documents has already been posted on the website of the Senate Judiciary Committee at https://www.judiciary.senate.gov/nominations/supreme/pn55-115.  With regard to the remaining responsive documents, any additional releases will be made at the time Defendant provides Plaintiff with a draft *Vaughn* index (*see* No. 7 below).

(4)     *Whether a motion for an Open America stay is likely in this case*:  No.

(5)     *Whether a Vaughn index will be required in this case*:  DOJ has begun preparing a draft *Vaughn* index of the documents to date determined to be responsive to part (b) of Plaintiff's request that have not been posted on the website of the Senate Judiciary Committee (approximately 3500 documents).  This index will be finalized and supplemented by, or incorporated in, a *Vaughn* declaration, should the case require summary judgment briefing.

(6)     *Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement*:  The parties do not believe that this case would benefit from such a referral.

(7)     *A proposed briefing schedule for dispositive motions*:  The parties have agreed upon the following joint proposed schedule to govern further proceedings in this case:

      a.     DOJ anticipates providing Plaintiff with a draft *Vaughn* index of the documents to date determined to be responsive to part (b) of Plaintiff's request that have not been posted on the website of the Senate Judiciary Committee (approximately 3500 documents) on or before **September 1, 2017**.

    b. After DOJ completes its draft *Vaughn* index, the parties will meet and confer. On or before **September 15, 2017**, the parties will submit to the Court a further joint status report informing the Court as to whether motions practice will be necessary and, if so, the parties will propose a briefing schedule.

14. Accordingly, the parties respectfully request that the Court enter the attached proposed scheduling order.

DATE: May 25, 2017

                        Respectfully submitted,

                        CHAD A. READLER
                        Acting Assistant Attorney General

*/s/ David L. Sobel*
DAVID L. SOBEL             CHANNING D. PHILLIPS
D.C. Bar No. 360418           United States Attorney
5335 Wisconsin Ave. NW
Suite 640                 ELIZABETH J. SHAPIRO
Washington, DC 20015          Deputy Director
(202) 246-6180

                        */s/ Carol Federighi*

*Counsel for Plaintiff*            CAROL FEDERIGHI
                        Senior Trial Counsel
                        United States Department of Justice
                        Civil Division, Federal Programs Branch
                        P.O. Box 883
                        Washington, DC 20044
                        Phone: (202) 514-1903
                        Email: carol.federighi@usdoj.gov

                        *Counsel for Defendant*